UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22770-CIV-TORRES

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.

ETJ Management, Inc., Turner-James
Management, Inc., Elena Turner-James,
Leopold, Korn, Leopold and Snyder, P.A.
and Karen S. Leopold, Esq.,

        Defendants.
_____/

**ORDER GRANTING DEFENDANT LEOPOLD'S MOTION TO DISMISS**

This matter is before the motion filed by individual Defendant Karen S. Leopold to dismiss all claims against her with prejudice [D.E. 4], to which the Plaintiff responded in opposition [D.E. 5]. The matter is ripe for disposition before this Court following the parties' consent to plenary jurisdiction by a magistrate judge and the referral of the case for all purposes on April 9, 2008 [D.E. 16, 17].

*I. BACKGROUND*

The Complaint was filed in this case by Plaintiff United States of America, on behalf of its Agency, the U.S. Small Business Administration ("SBA"). The complaint has no specific titled claim of relief against Defendant Leopold except for a series of paragraphs that include her within a breach of contract claim. That claim alleges that Plaintiff agreed with Defendant Leopold and her law firm, Leopold, Korn, Leopold and Snyder, P.A., for the Plaintiff to release its lien on property at 2000 Island Boulevard in Aventura, Florida so that Defendant Leopold's client could purchase it free of encumbrances in exchange for which Defendant Leopold and

her law firm would prepare a deed of trust granting SBA a third lien on the seller's real property in Prince George's County, Maryland, and would record such Deed of Trust in Maryland. [D.E. 1, Complaint, ¶ 22]. Defendant Leopold and her law firm allegedly accepted the terms of this agreement, [*Id.* ¶ 23], but then failed to assure the recording of the Deed of Trust in Maryland to the Plaintiff's detriment. [*Id.* ¶ 28].

The pending motion to dismiss argues that the terms of that purported agreement did not require that she prepare the Deed of Trust and assure its recordation in Maryland, but only that her law firm do so. "Nowhere [in the agreement] is there a provision binding Defendant Leopold." [D.E. 4 ¶ 8]. Thus, Defendant Leopold argues, plaintiff's claim for breach of contract against Defendant Leopold must be dismissed with prejudice because Plaintiff had no contract with Defendant Leopold, as evidenced by the exhibits attached to the complaint that documented the alleged agreement. Ms. Leopold never signed the principal document relied upon by the Plaintiff as setting forth the terms of the agreement, only the Plaintiff's debtor (and the seller in the transaction with the client) signed and accepted the terms.

The Plaintiff opposes the motion on the theory that the existence of a contract between SBA and Defendant Leopold is a contested question of material fact and that dismissal at this early stage of the litigation would be inappropriate.

## II. ANALYSIS

The purpose of a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein "must be enough to raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. The Court does not require heightened fact pleading, but does require enough facts to state a claim to relief that is plausible on its face. *Id.* at 1974. The Court must take the allegations in the complaint as true, and view them in a light most favorable to the plaintiff. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A well-pleaded complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 127 S.Ct. at 1965 (internal citation omitted).[1]

The alleged contract in question was a letter agreement between Plaintiff and Defendant Leopold, addressed to Defendant Leopold and her law firm, but in which Plaintiff stated "Your firm will be responsible for preparing the Deed of Trust naming [Plaintiff] . . . and having it recorded in the State of Maryland." [D.E. 1, Exh. K, ¶3]. That letter, drafted by Plaintiff, is acknowledged and accepted by the seller (Elana Turner-James and ETJ Management, Inc.). Defendant Leopold, neither on her own behalf nor on behalf of her law firm, counter-sign that document. Documentation evidencing acceptance of the terms is delivered back to the Plaintiff in the form of correspondence on law firm letterhead that

---

[1] The court notes here that some of the cases cited in the Plaintiff's response are no longer good law for the proposition asserted, as they all predate the Supreme Court's recent *Twombley* decision that expressly disapproved of the decision and holding cited in the response from *Conley v. Gibson,* 331 U.S. 41, 45-46 (1957) (dismissal only proper where claimant "can prove no set of facts in support of his claims"), and impliedly cast doubt on the continuing strength of certain language found in Eleventh Circuit cases that were based on that principle, such as *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.,* 400 F.2d 465, 471 (5th Cir.1968). The Court's analysis of the particular dismissal issue here will be based only on how *Twombley* defined the applicable test, which is not a wholesale revision of what we understood the law to be but, instead, a refinement of what the bare minimum should be included within a complaint.

acknowledges transmission of executed checks and documents in accordance with Plaintiff's agreement. That correspondence is not personally signed by Karen Leopold. [*Id.*, Exh. N].

From this Plaintiff alleges that Defendant Leopold accepted a personal duty to assure that her law firm took responsibility for preparing this Deed of Trust and filing it properly because, under basic principles of Florida, Plaintiff had an agreement with the Leopold. And even if that agreement was with Leopold's law firm, under Fla. Stat. § 621.07, Leopold as member of a limited liability company is personally liable and accountable for "negligent or wrongful acts or misconduct committed by that person, . . . while rendering professional service on behalf of the [company] to the person for whom such professional services were being rendered." Plaintiff insists that the law firm's failure to record the Deed of Trust properly constituted a "wrongful act" under the statute.

The Court, however, agrees with Defendant that the barebones allegations of a contractual obligation by Defendant Leopold in this complaint are simply not enough to raise a colorable theory of liability. When one considers Plaintiff's own exhibits to its complaint, it is impossible to find that a prima facie case has been alleged that Defendant Leopold personally undertook the obligation to obtain the Deed of Trust and record it in Maryland.[2]

---

[2] Generally a district court may not look beyond the four corners of the complaint when ruling on a motion to dismiss. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) ("court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."); *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). However, as set forth in *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997), there is an established exception to that general rule "where a plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." *See also Day*, 400 F.3d at 1276 (citing the "incorporation by reference" doctrine discussed in *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002), which permits a court to "consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed."); *Jordan v. Miami-Dade County*, 439 F. Supp. 2d 1237, 1240 (S. D. Fla. 2006) (documents attached to the complaint or directly referred to in the complaint are considered part of the pleadings, including for purposes of a 12(b)(6) motion to dismiss).

Arguably, one could even argue that the law firm did not take a contractual obligation to do so given the fact that the only signer on the key contract document is the Plaintiff's debtor, and no one else. Defendant Leopold and her law firm did not sign that document, and importantly they did not technically represent the debtor. Thus as a matter of law one could not infer an agency obligation on their behalf to comply with the obligations of their principal. The pending motion is filed only on Defendant Leopold's behalf, however, and there may be enough evidence to hold the law firm contractually bound to the promise to record the Deed of Trust given the documents on firm letterhead requesting the release of lien and forwarding evidence of compliance with the terms of the written agreement executed between Plaintiff and the debtor. The same cannot be said, however, for the individual Defendant Leopold.

Additionally, Plaintiff's reliance on section 621.07 is also misplaced. Plaintiff's complaint has not alleged any factual basis to give rise to liability under that provision. It has not alleged that Defendant's law firm was providing services to the Plaintiff, which is a factual predicate to such a theory of liability. Nor has Plaintiff shown the Court that any court has interpreted "misconduct" or "wrongful act" under the statute to apply to a mere breach of contract claim, as opposed to some tortious act like professional malpractice. Therefore on this record Plaintiff's complaint against Defendant Leopold is not saved by this statute.

The Court will not, however, dismiss the claim against Defendant Leopold with prejudice. It is theoretically possible that the Plaintiff possesses additional facts that could create at least an ambiguity as to the parties to the supposed agreement. Or Plaintiff could reconsider its claims and decide to proceed on both express or implied contractual claims, or even perhaps on a promissory estoppel basis. This barebones complaint does not do that, and instead appears to be entirely based on an express contract claim. To the extent an express contract claim is all the Plaintiff has, at least as alleged in this document Defendant Leopold

has not yet been made a proper party to that claim.  Perhaps other facts are indeed available to the Plaintiff to give rise to more claims.  Therefore, the motion to dismiss must be granted, but with leave to amend in the event that Plaintiff can reallege sufficient facts to rise above the minimal level required by *Twombley* to give rise to individual liability against Defendant Leopold.

### III.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss [**D.E. 4**] is **GRANTED**.  The Complaint's allegations against Defendant Karen S. Leopold, individually, are Dismissed without prejudice and with leave to amend.  An amended complaint may be filed within twenty days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of June, 2008.

EDWIN G. TORRES
United States Magistrate Judge