UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22770-CIV-TORRES

THE UNITED STATES OF AMERICA,

   Plaintiff,

v.

ETJ MANAGEMENT, INC., TURNER-JAMES
MANAGEMENT, INC., ELENA TURNER-JAMES,
and LEOPOLD, KORN, LEOPOLD AND SNYDER,
P.A.,

   Defendants,

LEOPOLD, KORN, LEOPOLD AND SNYDER, P.A.,

   Third Party Plaintiff,

v.

DUFOUR & ORENS, CHARTERED, a Maryland
Corporation, DAVID THOMAS WAGNER, ESQ.,
and G. MICHAEL DUFOUR, ESQ.,

   Third Party Defendants.
_____/

**ORDER ON MOTION TO DISMISS**
**THIRD PARTY COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

  This matter is before the Court on Third Party Defendants' Motion to Dismiss Third Party Complaint for Lack of Personal Jurisdiction [D.E. 26]. Third Party Plaintiff responded [D.E. 38] and Third Party Defendants filed a supplement to their

motion [D.E. 42]. The matter is fully briefed and ripe for adjudication[1]. For the reasons that follow, Third Party Defendants' Motion to Dismiss Third Party Complaint for Lack of Personal Jurisdiction is **GRANTED**.

## *I. BACKGROUND*

There are four named defendants to the Amended Complaint filed in this case. [D.E. 22 ("Am. Compl.")]. They are ETJ Management, Inc. ("ETJ"), Turner-James Management, Inc., Elena Turner-James (Turner-James), and Leopold, Korn, Leopold and Snyder, P.A. *Id.*

Defendant Leopold, Korn, Leopold and Snyder, P.A. ("Third Party Plaintiff"), filed a Third Party Complaint [D.E. 19 ("Third Party Compl.")] against Third Party Defendants, law firm Dufour & Orens, Chartered, a Maryland corporation, and individual attorneys David Thomas Wagner, Esq., and G. Michael Dufour, Esq. ("Third Party Defendants"). Third Party Defendants filed the pending Motion to Dismiss Third Party Complaint for Lack of Personal Jurisdiction. [D.E. 26 ("Mot. to Dismiss").]

The Amended Complaint alleges that, in October 2001, defendants ETJ and Turner-James Management, Inc. each borrowed funds from the United States Small Business Administration ("SBA"). Am. Compl., ¶ 8. As part of the terms of the loan authorization and agreements, each defendant agreed to secure the personal guaranty of the defendant Elena Turner-James, and that guaranty to be further secured by a second lien on real property located in Florida. *Id.* at ¶ 9. ETJ borrowed the sum of

---

[1] The parties consented to trial by the undersigned Magistrate Judge [D.E. 16]. Accordingly, this case was referred for final disposition by the District Judge on April 9, 2008 [D.E. 17].

$206,300. *Id.* at ¶ 10. Turner-James Management, Inc. borrowed the sum of $143,800. *Id.* at ¶ 8. On November 1, 2001, defendant Elena Turner-James executed guarantee agreements for both loans, and executed two mortgages on the Florida property to secure payment of the promissory notes. *Id.* at ¶¶ 10–11, 15–16.

In October 2004, defendant Elena Turner-James contacted the SBA to inform them that she entered a contract to sell the Florida property. *Id.* at ¶ 18. The SBA's liens, in combination with other liens on the property, were more than the anticipated sale price of the Florida property. *Id.* Defendant Elena Turner-James later offered a deed of trust on her personal residence in Maryland in exchange for the release of the SBA liens on the Florida property. *Id.* at ¶ 20.

To facilitate the sale, the SBA agreed to release the liens from the Florida property in exchange for the deed of trust on Elena Turner-James's personal residence in Maryland. *Id.* at ¶ 21. As part of the terms to this agreement, Third Party Plaintiff was to prepare a Deed of Trust in the name of the Administrator of the SBA upon the Maryland property. *Id.* To accomplish this, Third Party Plaintiff engaged Third Party Defendants to prepare and record the Deed of Trust. *Id.* at ¶ 31. The Deed of Trust was never recorded upon the Maryland property.

Defendants ETJ and Turner-James Management, Inc. allegedly defaulted on the loans to the SBA and sold the Maryland property. *Id.* at ¶¶ 23, 27, 36. The United States, on behalf of the SBA, brought claims against defendants ETJ, Turner-James Management, Elena Turner-James, and Third Party Plaintiff to recover damages due

to the default on the loan and for the failure to record the deed which was intended to secure that loan. *Id.*

It is the Deed of Trust that is at issue in the Third Party Complaint. Third Party Plaintiff alleges that Third Party Defendant DuFour & Orens assumed the duty to prepare and record the Deed of Trust on the Maryland property. Third Party Compl. at ¶ 23. It further alleges that Third Party Defendant Wagner undertook the duty to prepare and record the Deed, and Third Party Defendant DuFour was the attorney responsible for the file. Third Party Compl. at ¶¶ 27, 36. As a result, Third Party Plaintiff seeks to hold Third Party Defendants liable for the failure to record the Deed.

Third Party Defendants move to dismiss for lack of personal jurisdiction based on Florida's long-arm statute and constitutional Due Process. Third Party Defendants argue that they have no place of business in Florida, do not solicit business in Florida, are not licensed to practice law in Florida, and do not conduct continuous or systematic activity in Florida. Mot. to Dismiss at 3. Third Party Defendants also argue that any of their activities directed at Florida did not give rise to the claims because they were isolated to the mailing of the Deed of Trust to Third Party Plaintiff resulting from the alleged one-time service contract. Mot. to Dismiss at 8–9. The claim, however, is based upon their negligence failure to record the Deed of Trust in Maryland. These facts, they argue, are insufficient to require them to defend this case in Florida.

## II.  ANALYSIS

A two-step inquiry is made to determine whether personal jurisdiction exists over a foreign defendant. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421

F.3d 1162, 1166 (11th Cir. 2005). The first step asks whether the forum state's long-arm statute permits assertion of personal jurisdiction. *Id.* (quoting *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)). The second asks whether assertion of jurisdiction is proper under the Due Process requirements of the Fifth/Fourteenth Amendments. That is whether "the defendant ha[d] minimum contacts with the forum state and that the exercise of jurisdiction over the defendant [would] not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

It is within this Court's discretion to hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction. *Cable/Home Communication Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). When, as here, neither party requests such a hearing, the Plaintiff must simply establish a prima facie case of personal jurisdiction over the nonresident defendant. *Id.* "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict." *Id.* (quoting *Morris v. SSE, Inc.*, 843 F.2d 489,492 (11th Cir. 1988)). On a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in the plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits. *Id.* The Court must analyze personal jurisdiction in light of the claims alleged in the Complaint.

### A. *Breach of Contract Claim*

Third Party Plaintiff pleads breach of contract against Third Party Defendant DuFour & Orens based on its failure to record the Deed of Trust in Maryland. To

exercise personal jurisdiction based on a breach of contract claim, this Court must determine if the claim falls within the applicable provision of Florida's long-arm statute. Section 48.193(g) provides, "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193 (2007). This provision requires breach of a duty to perform an act *in Florida*. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218 (11th Cir. 1999). "[A] contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute." *Id*. *See also Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmt.*, Inc., 726 So. 2d 313, 314 (Fla. 4th DCA 1998) ("[I]t is not enough that a foreign defendant merely contract with a Florida resident. Rather, the contract itself must require performance in Florida.").

Here, Third Party Plaintiff does not allege any facts to support a finding that this Third Party Defendant's contract required performance of an act *in Florida.* The Third Party Complaint alleges that DuFour & Orens was to prepare the Deed of Trust in Maryland, mail it to Florida for execution, and record the executed Deed in Maryland. The only breach alleged in the Third Party complaint is the failure to record the executed deed in Maryland. These non-performed duty did not require any action or activity to be taken in Florida. As such, the breach of contract claim does not meet the statutory requirement and this Court cannot assert personal jurisdiction over Third Party Defendant DuFour & Orens based on the contract claim. *See id.* (a contractual right to place an item in the mail in a foreign state was insufficient to satisfy section 48.193(1)(g) of Florida's long-arm statute).

Because the Third Party Plaintiff cannot satisfy Florida's long-arm statute for this claim, a due process inquiry is not necessary.

B.  *Negligence Claim Causing Injury in Florida*

1.  *Florida's Long-Arm Statute is Satisfied*

Third Party Plaintiff contends that this Court should assert personal jurisdiction over all Third Party Defendants based on their negligence in rendering legal services which caused injury in Florida. Florida's long-arm statute provides that Florida may assert personal jurisdiction over any person who "commit[s] a tortious act within the state." Fla. Sta. § 48.193(1)(b) (2007). "Jurisdiction under § 48.193(1)(b) is not limited to a situation where an act in Florida cause[s] an injury in Florida but also . . . reache[s] the situation where a foreign tortious act cause[s] injury in Florida." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 257 (11th Cir. 1996) (internal quotations omitted). In *Robinson*, the court found that a Florida plaintiff sufficiently plead that an out-of-state attorney's negligence caused damage in Florida, and, therefore, Florida's long-arm statute was satisfied. *Id*.

Here, Third Party Plaintiff alleges that they paid for the services of Third Party Defendants to record the Deed of Trust and the Deed was not recorded due to Third Party Defendants' negligence. Third Party Plaintiff now has to spend their resources to litigate a claim centered on that failure to record the Deed. That injury was suffered in Florida; therefore, this injury satisfies the requirements of Florida's long-arm statute for the tort claims alleged in this Complaint based upon the Eleventh Circuit's application of Florida law. *But see Carlyle v. Palm Beach Polo Holdings, Inc.,* 842 So.

2d 1013 (Fla. 4th DCA 2003) (while an out-of-state attorney's communications with an in-state plaintiff may trigger the long-arm statute, this was not enough to confer long-arm jurisdiction over the out-of-state defendant if those communications did not give rise to the particular claim) (citing *Wendt v. Horowitz,* 822 So. 2d 1252 (Fla. 2002) (physical presence in Florida is not required to trigger application of section 48.193(1)(b) so long as out-of-state communications directly gave rise to a claim)).

### 2. *Due Process Analysis Precludes Exercise of Jurisdiction*

Once the Court finds that personal jurisdiction exists under Florida's long-arm statute, the Court must undertake a two-pronged Due Process inquiry, focusing on the quantity and quality of contacts the defendant has created in the forum state. *Robinson*, 74 F.3d at 258. The court must ensure that each defendant has established "minimum contacts" with Florida and that the exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *Id.* (citations omitted).

*(a)   Minimum Contacts*

The crux of the minimum contacts inquiry asks whether a defendant established sufficient minimum contacts with a state "that he should reasonably anticipate being haled into court there." *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1034 (11th Cir. 1991) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). This means that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v.*

*Denckla*, 357 U.S. 235 (1958).  Even single acts that create a "substantial connection" with the forum can support jurisdiction.  *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985) (*citing McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

It is well established, however, that an individual's contract with an out-of-state party alone cannot automatically establish minimum contacts.  *Burger King*, 471 U.S. at 478.  Here it is uncontested that Third Party Plaintiff's injuries stemmed from the contract with Third Party Defendants.  This contract was created with the sole purpose of creating a one-time obligation to prepare and record a Deed of Trust.  Third Party Plaintiff only alleges contacts that support the creation and execution of that contract.  Third Party Plaintiff does not point to substantial negotiations between the parties, intent to create an ongoing relationship, or to any other facts that would establish the requisite minimum contacts needed to support personal jurisdiction in Florida.

Third Party Plaintiff contends that Third Party Defendants had "fair warning" that their actions might subject them to Florida's jurisdiction based largely on the state court decision in *Rogers & Wells v. Winston*, 662 So. 2d 1303 (Fla. 4th DCA 1995).  In *Rogers*, the court held that jurisdiction was proper over a New York law firm that had been hired by the personal representative of an estate being probated in Florida.  *Id.* at 1304.  The court explained that, even if virtually all of the services provided by the firm were performed in New York, "it was doing business in Florida and should have foreseen that it would have been haled into a Florida Court."  *Id.*

But the facts of our case are sufficiently and materially distinguishable from those in *Rogers & Wells*.  In a probate case, a law firm, providing legal services to an

estate, should foresee that a dispute over fees would necessarily require them to avail themselves of a Florida Probate Court's jurisdiction because an estate in Florida is administered under Florida law.  Here, however, the Third Party Defendants were contacted in Maryland to prepare a Maryland Deed of Trust on a Maryland property.  This was a one-time event contemplating no further substantial connection with anyone in Florida.  This, thus, does not establish that the Third Party Defendants purposefully availed themselves of the protection of Florida's laws such that they should anticipate being haled into court here.  The facts in this case do not establish that Third Party Defendants had sufficient contacts within Florida to meet the minimum contact requirement.

    (b)    *Fair Play and Substantial Justice*

Even though the Court finds that Third Party Defendants did not establish minimum contacts with Florida, the analysis does not end there.  In some cases,"upon a lesser showing of minimum contacts than would otherwise be required," the court may find it reasonable to assert personal jurisdiction after engaging in the fair play and substantial justice inquiry.  *Robinson*, 74 F.3d at 259 (quoting *Burger King*, 472 U.S. at 477).  The facts to consider in this determination are "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental

substantive social policies." *Robinson*, 74 F.3d at 259 (quoting *Burger King*, 471 U.S. at 477; *World-wide Volkswagen*, 444 U.S. at 292).

The facts in this case are not sufficient to find that fair play and substantial justice lessens the minimum contact threshold to allow this Court to assert personal jurisdiction over Third Party Defendants. Although it is true that the burden on Third Party Defendants to adjudicate the claim in Florida is reduced by modern methods of transportation and communication, *see Robinson,* 74 F.3d at 259 n.6, this burden is no more or less than Third Party Plaintiff's burden to adjudicate the claim in Maryland. *See Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1034 (11th Cir. 1991).

Further, declining jurisdiction in Florida will not impact Third Party Plaintiff's interest in obtaining convenient and effective relief because it can proceed against Third Party Defendants in Maryland. *Id.* Additionally, as in *Sunbank*, Florida's interest in adjudicating this claim, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies do not require this Court to lessen the minimum contacts threshold. *Id.* As such, this is not one of those "unusual cases" where the court will assert personal jurisdiction on a lesser showing of minimum contacts. *Id.*

### III. CONCLUSION

The Court lacks statutory long-arm jurisdiction under Florida law over Third Party Plaintiff's breach of contract claim against these Third Party Defendants. The Court lacks jurisdiction under the Due Process Clause over the negligence claim

against these Third Party Defendants. Accordingly, the Court has no choice but to dismiss the Third Party Complaint for lack of jurisdiction under Fed. R. Civ. P. 12.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Third Party Complaint for Lack of Personal Jurisdiction [D.E. 26] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of November, 2008.

EDWIN G. TORRES
United States Magistrate Judge